■ In the Matter of A&A ASSOCIATES, INC., Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Respondent. In the Matter of A&A ASSOCIATES, INC., Appellant-Respondent, v NEW YORK CITY HOUSING AUTHORITY, Respondent-Appellant, et al., Respondent. [690 NYS2d 552] —Order, Supreme Court, New York County (Charles Ramos, J.), entered September 21, 1998, which denied the motion of respondent-appellant Housing Authority for leave to renew and reargue the court's prior order and judgment (one paper), entered February 27, 1998, which had granted petitioner's previous motion to renew and reargue the denial of its petition to the extent of granting renewal and, upon renewal, directed the Housing Authority to pay petitioner $155,866.84 plus costs and disbursements as the balance of the fourth partial payment under a construction contract, unanimously reversed, on the law and the facts, without costs, the motion granted to the extent of granting renewal and, upon renewal, denying the petition and dismissing the proceeding.

Cross-appeals from the aforementioned order and judgment (one paper), same court and Justice, entered February 27, 1998, unanimously dismissed, without costs, as academic in light of the foregoing.

Petitioner, a plumbing contractor, entered into a contract with the Housing Authority to replace water closets at various housing projects, which contract provided that petitioner comply with City, State and Federal labor laws, including the

requirement that it pay its employees the prevailing industry wages.

Section 5 (b) of the contract states that, as a condition precedent to partial payment, petitioner "must, if requested, submit to the authority proof satisfactory to the authority that [petitioner] is meeting his/her obligations to * * * workers". Section 7 (b) of the contract, entitled "Authority's Right to Withhold Money Out of Payments; Liens", as amended, provides that in the event wages have been paid at a rate less than the prevailing wage, the Housing Authority has the right to withhold from petitioner out of any payment, final or otherwise, "so much as may be necessary to pay to laborers * * * employed on the work, the difference between the sums such persons should have received, and to pay such sums over to such persons. All such payments shall be deemed to be payments for the Contractor's account on this, or any other open contract which the Contractor has with the Authority".

On or about October 28, 1996, the Housing Authority commenced an inquiry into the wage rates paid by petitioner to its workers. In December, 1996, petitioner submitted a fourth periodic estimate for partial payment under the contract in the amount of $200,866.84. The Housing Authority initially approved this estimate on January 17, 1997. However, in April 1997, when the Housing Authority failed to release the funds, petitioner commenced this CPLR article 78 proceeding, seeking mandamus relief to compel the agency to make the $200,866.84 payment. In May 1997, the Housing Authority notified petitioner that it was withholding this payment during the pendency of its ongoing inquiry into whether petitioner had been paying its employees according to the prevailing wage schedules set forth in the contract.

Inasmuch as, at the time of petitioner's previous motion, the Housing Authority had not yet concluded its investigation and there was no evidence presented that petitioner was not paying the prevailing industry wages, the IAS Court properly granted renewal and directed payment of the fourth partial payment under the contract. However, on February 23, 1998, a date subsequent to the court's decision, which although entered on February 27, 1998 was dated January 9, 1998, the Housing Authority concluded its investigation, finding that petitioner had underpaid its workers by an amount in excess of the $155,866.84 the Authority continued to withhold. Therefore, renewal should have been granted and, on the basis of this new evidence, the petition should have been denied and the proceeding dismissed. Concur—Mazzarelli, J. P., Lerner, Rubin and Andrias, JJ.